# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LARISA K. ALFSEN | § | PLAINTIFF |
| v. | § | Civil No. 1:07cv1105-HSO-JMR |
| BEAU RIVAGE RESORTS, INC., et al. | § | DEFENDANTS |

## ORDER AND REASONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [61] for Summary Judgment, pursuant to FED. R. CIV. P. 56, filed by Defendant Beau Rivage Resorts, Inc. ("Beau Rivage"), on or about November 17, 2008. Plaintiff has filed a Response [63] and Defendant a Rebuttal [64]. After due consideration of Defendant's Motion, Plaintiff's Response, Defendant's Rebuttal, the submissions of the parties, the record, and the relevant law, the Court is of the opinion that Defendant's Motion should be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed her Complaint against Defendants Beau Rivage, Sherie Richardson ("Richardson"), and Dana Smith ("Smith") on or about September 24, 2007. In Count I, Plaintiff alleged that all Defendants violated her Fourth Amendment rights when they engaged in an unlawful arrest and search. Count II raised a claim under Title VII of the Civil Rights Act against Beau Rivage and Richardson for national origin discrimination. Count III asserted that all Defendants violated sections 241 and 242 of title 18 of the United States Code by

conspiring to violate Plaintiff's civil rights. By Order [48] dated May 5, 2008, the Court dismissed Counts I and III of the Complaint in their entirety, as well as Plaintiff's claims against Defendant Richardson contained in Count II of the Complaint. Plaintiff's Title VII claim against Defendant Beau Rivage, as stated in Count II, is the only claim remaining in this case.[1]

Plaintiff was a Beau Rivage employee at all times relevant to the facts giving rise to this case.[2] Plaintiff's Title VII national origin discrimination claim arises from a comment Richardson allegedly made on December 8, 2006, when Plaintiff refused to open her purse for inspection by security personnel at an employee entry checkpoint. *See* Pl.'s Compl. ¶ 18; Pl.'s Dep. at p. 74, 92-93; 95-96, attached as Ex. "1" to Def.'s Mot.[3] Plaintiff maintains that because Beau Rivage's revised employee handbook omitted the words "show the content" when it cautioned that "bags, purses, briefcases, backpacks, boxes etc. [were] subject to [being] checked and/or inspected upon entering and/or exiting the property," she was not required to open

---

[1] Plaintiff filed a Motion [34] for Leave to File Amended Complaint, which was granted by Text Order dated July 14, 2008. To date, however, Plaintiff has not filed an Amended Complaint.

[2] Subsequent to filing this lawsuit, Plaintiff's employment was terminated, on or about September 15, 2008. *See* Pl.'s Resp. at p. 1.

[3] In her Response, Plaintiff asserts that her deposition, attached as Exhibit "1" to Defendant's Motion, should not be considered by the Court on grounds that Beau Rivage did not file a copy of the cover sheet or a notice that all parties of record were notified of the receipt of the deposition by the custodian, as required by Rule 5.3(B) of the Uniform Local Rules for the Northern and Southern Districts of Mississippi. The Court is of the opinion that although the requisite filings were not made, Defendant has presented sufficient evidence that Plaintiff did receive notice of Defendant's receipt of the deposition and was given the opportunity to make corrections. The purpose of the Rule has been served and the Court will consider Plaintiff's deposition in deciding Defendant's Motion.

her purse for inspection. *See* Pl.'s Resp. at p. 9; *see also* Pl.'s Dep. at p. 86-89, attached as Ex. "1" to Def.'s Mot. In response to her protests, Richardson allegedly accused Plaintiff of "being picky" about the inspection policy "because [Plaintiff was] from another country." *See* Pl.'s Dep. at p. 92, attached as Ex. "1" to Def.'s Mot. This one statement is the basis of Plaintiff's Title VII national origin discrimination claim. *See id.* at p. 74, 92-93; 95-96.

## II. DISCUSSION

A. Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)).

Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004)(*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Gaddis v. Smith & Nephew, Inc.,* 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.  <u>Plaintiff's Title VII National Origin Discrimination Claim</u>

Title VII provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin." 42 U.S.C. § 2000e-2(a)(1). "In the context of Title VII litigation, we recognize two types of discrimination claims: disparate treatment and disparate impact." *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000). Plaintiff's

claim here is one of disparate treatment.[4]  "Disparate treatment refers to deliberate discrimination in the terms or conditions of employment, . . . on account of race, national origin, or gender." *Id.*  Such treatment may be proved through either direct or circumstantial evidence.

"Direct evidence proves intentional discrimination without inference or presumption when believed by the trier of fact." *Jones v. Overnite Transp. Co.,* 212 Fed. App'x 268, at *2 (5th Cir. 2006) (*citing Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)).  It "includes any statement or written document showing a discriminatory motive on its face." *Portis v. First National Bank of New Albany,* 34 F.3d 325, 329 (5th Cir.1994).

Plaintiff asserts that Richardson's December 8, 2006, comment that Plaintiff was "being picky" about the inspection policy "because [she was] from another country", is sufficient evidence of discrimination.  *See* Pl.'s Dep. at p. 74, 92-93, 95-96, attached as Ex. "1" to Def.'s Mot.  Plaintiff does not allege that any additional ethnic comments were made by Richardson or other Beau Rivage personnel.  *See* Pl.'s Dep. at p. 74, 95-96, 113, attached as Ex. "1" to Def.'s Mot.  Under the law of this Circuit,

> "[f]or comments in the workplace to provide sufficient evidence of discrimination, they must be '1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the [adverse employment action]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision

---

[4]  Though not evident from the face of the Complaint, Plaintiff makes clear in her Response that her Title VII claim is one of disparate treatment.  *See* Pl.'s Resp. at p. 14.

-5-

at issue.'" *Krystek v. University of Southern Mississippi,* 164 F.3d 251, 256 (5th Cir. 1999) (alteration in original) (*quoting Brown v. CSC Logic, Inc.,* 82 F.3d 651, 655 (5th Cir. 1996)).

*Wallace v. Methodist Hosp. System*, 271 F.3d 212, 222 (5th Cir. 2001); *see also Patel v. Midland Memorial Hosp. & Medical Center*, 298 F.3d 333, 343-44 (5th Cir. 2002).

Where "[c]omments [ ] are vague and remote in time [they] are insufficient to establish discrimination. In contrast, specific comments made over a lengthy period of time are sufficient." *Wallace,* 271 F.3d at 222 (*quoting Brown,* 82 F.3d at 655-56); *see also Jones*, 212 Fed. App'x 268, at 273-74 (finding the time proximity between the alleged discriminatory act and an employee's termination insufficient to establish a discrimination claim where there was a four month gap between the two)*; Wyvill v. United Companies Life Ins. Co.,* 212 F.3d 296, 304 (5th Cir. 2000) ("In order for a[] [protected class-]based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that [the employee's protected class] was a determinative factor in the decision to terminate the employee."). Based on a thorough review of the record, the single comment attributed to Richardson is not sufficient to establish direct proof of discriminatory intent.

Plaintiff was ultimately discharged from her employment on September 15, 2008. Plaintiff did not apprize the Court of her termination until she filed her Response to Defendant's Motion. Though Plaintiff referenced her discharge in relation to a possible future retaliation claim, the Court, giving every benefit of the

doubt to Plaintiff since she is proceeding *pro se*, will construe her reference as asserting an adverse employment action for purposes of her Title VII national origin discrimination claim.

The record does not support the conclusion that Richardson had any authority over Plaintiff regarding the decision to discharge. *See* Pl.'s Compl. ¶ 6 (identifying Richardson as a Security Shift Manager); *see also* Beau Rivage Job Offer, attached as Ex. "2" to Pl.'s Resp. (identifying Plaintiff's job title as "Payroll Clerk"). Furthermore, a one year and nine month time lapse occurred between Richardson's alleged comment and Plaintiff's discharge. The other alleged acts of Beau Rivage management made in connection with the December 8, 2006, incident (*i.e.*, threatening both to take Plaintiff's employee identification badge and to suspend her) do not constitute adverse employment actions under Title VII. *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 2002) ("... verbal threat[s] of being fired, ... and being placed on "final warning" [or Decision Making Leave], do not constitute "adverse employment actions' because of their lack of consequence."), *abrogated on other grounds*; *see also McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) ("[a]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.").

In Title VII cases where there is no direct evidence of discrimination, courts are to apply the tripartite burden-shifting framework announced by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). *See Portis,*

34 F.3d at 328 ( "Because direct evidence is rare, a plaintiff ordinarily uses circumstantial evidence to meet the test set out in *McDonnell Douglas*.... [, which] establishes a prima facie case by inference...."). "To succeed on a claim of intentional discrimination under Title VII ..., a plaintiff must first prove a *prima facie* case of discrimination." *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996). "If the plaintiff establishes a *prima facie* case by a preponderance of the evidence, an inference of intentional discrimination is created." *Eaves v. K-Mart Corp.*, 193 F. Supp. 2d 887, 892 (S.D. Miss. 2001). To establish a *prima facie* case of discrimination on the basis of race or national origin, a plaintiff must show that he or she was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (*citing Rios v. Rossotti,* 252 F.3d 375, 378 (5th Cir. 2001)).

For purposes of this Motion, the Court assumes that Plaintiff has provided sufficient support to establish the first three elements of a *prima facie* case. Defendant disputes that Plaintiff has sufficiently demonstrated that she was treated differently from others similarly situated. In order for Plaintiff to satisfy this burden, "she must demonstrate 'that the misconduct for which she was discharged was nearly identical to that engaged in by a[n] employee [not within her protected class] whom [the company] retained.'" *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 221 (5th Cir. 2001) (*quoting Smith v. Wal-Mart Stores (No. 471),* 891

F.2d 1177, 1180 (5th Cir.1990)).  The record is devoid of any such evidence.

Plaintiff asserts only that employees of no particular origin or class who enter through the valet belly of the casino, as opposed to the employee entrance, are not subject to the Beau Rivage entry search policy.  *See* Pl.'s Dep. at p 50-51, attached as Ex. "1" to Def.'s Mot.; *see also id.* at p. 18-21.  This is insufficient to establish one of the required elements of a *prima facie* case for Title VII national origin discrimination.[5]  Based on the record, and for the reasons stated herein, the Court must grant Defendant's Motion and dismiss Plaintiff's claim.

### III. CONCLUSION

Under the law of this Circuit, Plaintiff's Title VII discrimination claim against Defendant Beau Rivage contained in Count II of the Complaint must be dismissed.

---

[5] Plaintiff acknowledges that her Title VII claim is not one asserting a hostile work environment.  *See* Pl.'s Resp. at p. 2, 14.  Nevertheless, the Court is of the opinion that even if Plaintiff did raise such a claim, it would fail as a matter of law.  To state a national origin hostile work environment claim under Title VII, Plaintiff must show that: (1) she belonged to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *See E.E.O.C. v. WC&N Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007); *see also Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005).  "For harassment to affect a term, condition, or privilege of employment, it must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Smith v. Harvey*, 265 Fed. App'x 197, at *4 (5th Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (internal quotation marks omitted)).  To determine whether an environment is hostile or abusive, the Court must evaluate the totality of the circumstances, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the employee's work performance." *Id.* (*quoting Harris*, 510 U.S. at 23).  Race-based work incidents more severe than those alleged here have been held not to support a hostile work environment claim. *See, e.g., Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999) (noting that discourtesy, rudeness, offhand comments, and isolated incidents that are not extremely serious will not amount to discriminatory changes in the terms and conditions of employment); *Pickens v. Shell Tech. Ventures, Inc.,* 118 Fed. App'x 842, 850 (5th Cir. 2004) (holding that multiple racially insensitive comments did not create a hostile work environment); *Mosley v. Marion County,* 111 Fed. App'x 726, 728 (5th Cir. 2004) (holding that evidence of three incidents involving racial slurs was insufficient to support a hostile work environment claim).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [61] for Summary Judgment, pursuant to FED. R. CIV. P. 56, filed by Defendant Beau Rivage Resorts, Inc., on or about November 17, 2008, should be and is hereby **GRANTED,** and this Civil Action is hereby dismissed, with prejudice.

**SO ORDERED AND ADJUDGED**, this the 3rd day of February, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE